UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HUGO ALBERTO ORTEGA RAMIREZ,<br>Petitioner,<br><br>v.<br><br>MICHAEL NESSINGER, *Warden, Donald W. Wyatt Detention Facility*; DAVID WESLING, *Acting Field Office Director, U.S. Immigration and Customs Enforcement, Boston Field Office*; DAVID VENTURELLA, *Acting Director, U.S. Immigration and Customs Enforcement*; MARKWAYNE MULLIN, *U.S. Department of Homeland Security, Secretary*; and TODD BLANCHE, *U.S. Attorney General*,<br>Respondents. | No. 26-cv-585-JJM-AEM |

ORDER

Hugo Alberto Ortega Ramirez has filed this Habeas Petition under 28 U.S.C. § 2241, arguing that his arrest and continued detention by Immigration and Customs Enforcement ("ICE") is unlawful, and that he must be released and given a bond hearing before an immigration judge ("IJ") pursuant to 8 U.S.C. § 1226(a). ECF No. 1.

There is no real dispute in this case. Following the First Circuit's decision in *Guerrero Orellana*, the Government has responded to the Petition and concedes that, as a noncitizen unlawfully present in the United States, Mr. Ortega Ramirez "has been detained under 8 U.S.C. § 1226(a)." ECF No. 4 at 1 (citing *Guerrero Orellana v.*

*Moniz*, Nos. 25-2152, 26-1094, --- F.4th ----, 2026 WL 2352042, at *1 (1st Cir. Aug. 13, 2026)). Recognizing that the Court "will apply [*Guerro Orellana*] and order a bond hearing under 8 U.S.C. § 1226(a),"[1] the Government submits "that the Court may resolve the petition without further briefing or oral argument." *Id.*

The Court agrees. And not only will it order a bond hearing for Mr. Ortega Ramirez, but the Court will also order his immediate release from ICE custody. *See Guerrero Orellana*, 2026 WL 2352042, at *1 (holding that "the district court was right to order the government to release [a petitioner in this position] or provide him with a bond hearing"); *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody.").

## CONCLUSION

So, the Court GRANTS Mr. Ortega Ramirez's Habeas Petition. ECF No. 1. The Government is hereby ORDERED to **release Hugo Alberto Ortega Ramirez immediately**. Per its request, the Government is permitted to transfer Mr. Ortega Ramirez to ICE's Boston Field Office in Burlington, Massachusetts for the sole purpose of processing his release and allowing for any return of property. ECF No. 4 at 1-2. However, the Court DENIES the Government's additional request to place "any monitoring equipment deemed appropriate." *Id.* Because the Government did

[1] It is, of course, this Court's and the Government's duty to follow the law of the First Circuit. *See United States v. Barbosa*, 896 F.3d 60, 74 (1st Cir. 2018).

not have the lawful authority to detain Mr. Ortega Ramirez in the first place, the Court will not permit the Government to keep him "in custody" through the use of monitoring equipment pending the bond hearing. *See Morales v. Hyde*, No. 26-cv 093-JJM-PAS, 2026 WL 508811, at *3-4 (D.R.I. Feb. 24, 2026) (denying similar request from the Government because "[i]t does not follow . . . that ICE gets to keep [the petitioner] 'in custody' once he leaves the Wyatt Detention Facility"). Effectuating Mr. Ortega Ramirez's transfer to Burlington shall not in any way impede his **immediate release**.

The Government is also ORDERED to **provide Hugo Alberto Ortega Ramirez with a bond hearing before an IJ** under 8 U.S.C. § 1226(a) within ten (10) days of the date of this Order. Should it choose to pursue Mr. Ortega Ramirez's continued detention, the Government must show why less restrictive alternatives to detention would be inadequate for it to achieve its goals. *See Higiro v. Nessinger*, No. 26-cv-105-JJM AEM, 2026 WL 710297, at *8 (D.R.I. Mar. 13, 2026) (finding that due process requires IJs to consider alternatives to detention at bond hearings to ensure that detention is not arbitrarily imposed and bears a reasonable relation to the Government's interests). The IJ shall consider any alternatives to detention before making a finding as to flight risk or dangerousness. *See Brito v. Garland*, 22 F.4th 240, 254 (1st Cir. 2021) (noting that to require otherwise would be "to put the cart before the horse").

Finally, the Court ORDERS the Government to file a status report within five (5) days of Mr. Ortega Ramirez's bond hearing, stating whether he has been granted

bond. If Mr. Ortega Ramirez's request for bond is denied, the Government shall state the reason for that denial and whether Mr. Ortega Ramirez has been re-detained by ICE.

IT IS SO ORDERED.

***/s/ John J. McConnell, Jr.***

JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

August 24, 2026